# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### Central Division

MELISSA A. MARAS,           )
        **Plaintiff,**       )
                           )
  **v.**                      )     **Case No. 2:16-cv-04210**
                           )
**THE CURATORS OF THE**     )
**UNIVERSITY OF MISSOURI, et al.,**   )
        **Defendants.**     )

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## FIRST AMENDED PETITION FOR DAMAGES

COME NOW Defendants The Curators of the University of Missouri ("The Curators"), Daniel L. Clay, Keith Herman, Matthew P. Martens, Timothy C. Riley-Tillman, and R. Bowen Loftin, through counsel, and for their Answer to Plaintiff's First Amended Petition for Damages, state as follows:

1. Defendants admit that Plaintiff Melissa A. Maras was employed by The Curators since August 2008, and is currently Associate Director of Research at the Hook Center for Educational Renewal, but are without sufficient information or knowledge to admit or deny the remaining averments in paragraph 1.

2. The averments in paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments of paragraph 2.

3. In response to paragraph 3, Defendants state they are unclear as to what Plaintiff means by "administrative duties affecting Plaintiff's employment, faculty and civil rights" and therefore lack sufficient knowledge to admit or deny the averment, and therefore deny the same as stated. Defendants admit the remaining averments in paragraph 3.

4. In response to paragraph 4, Defendants state they are unclear as to what Plaintiff means by "administrative duties affecting Plaintiff's employment, faculty and civil rights" and therefore lack sufficient knowledge to admit or deny the averment, and therefore deny the same as stated. Defendants admit the remaining averments in paragraph 4.

5. In response to paragraph 5, Defendants state they are unclear as to what Plaintiff means by "administrative duties affecting Plaintiff's employment, faculty and civil rights" and

therefore lack sufficient knowledge to admit or deny the averment, and therefore deny the same as stated. Defendants admit the remaining averments in paragraph 5.

6.      In response to paragraph 6, Defendants state they are unclear as to what Plaintiff means by "administrative duties affecting Plaintiff's employment, faculty and civil rights" and therefore lack sufficient knowledge to admit or deny the averment, and therefore deny the same as stated. Defendants admit the remaining averments in paragraph 6.

7.      In response to paragraph 7, Defendants state they are unclear as to what Plaintiff means by "administrative duties affecting Plaintiff's employment, faculty and civil rights" and therefore lack sufficient knowledge to admit or deny the averment, and therefore deny the same as stated. Defendants admit the remaining averments in paragraph 7.

8.      In response to paragraph 8, Defendants deny Plaintiff has stated a cause of action and deny this Court has personal jurisdiction. Defendants admit venue is proper in Boone County.

9.      In response to paragraph 9, Defendants admit that Plaintiff cites to the Missouri Human Rights Act, but deny Plaintiff's First Amended Petition states a cause of action and deny there was any violation of the Missouri Human Rights Act.

10.      In response to paragraph 10, Defendants admit Plaintiff cites to the Missouri Human Rights Act, but deny Plaintiff's First Amended Petition states a cause of action and deny there was any violation of the Missouri Human Rights Act.

11.      In response to paragraph 11, Defendants admit Plaintiff cites to Title VII of the Civil Rights Act of 1964, but deny Plaintiff's First Amended Petition states a cause of action and deny there was any violation of the Civil Rights Act.

12.      Defendants admit that Defendant The Curators employed more than six employees within Missouri at all times relevant to the averments in Plaintiff's First Amended Petition. The remaining averments in paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining averments of paragraph 12.

13.      Defendants admit the averments of paragraph 13.

14.      Defendants admit the averments of paragraph 14.

15.    Defendants admit that Plaintiff was reappointed to her position as Assistant Professor on tenure track for each of the three academic years following her original hire, but deny the remaining averments in paragraph 15.

16.    Defendants admit that in the spring of 2011, Plaintiff was reviewed by the Department of Educational, School and Counseling Psychology ("ESCP") Academic Personnel Committee, and that she was informed by letter dated May 13, 2011 that the committee members unanimously recommended Plaintiff's continued appointment.  Defendants deny all remaining averments in paragraph 16.

17.    Defendants are without sufficient information or knowledge to admit or deny the averments in paragraph 17, and therefore deny the same.

18.    Defendants admit the averments of paragraph 18.

19.    Defendants are without sufficient information to admit or deny the averments of paragraph 19.

20.    Defendants admit that in the Spring of 2013, Plaintiff was reviewed by the Department of Educational, School and Counseling Psychology ("ESCP") Academic Personnel Committee.  Defendants deny all remaining averments in paragraph 20.

21.    Defendants deny the averments of paragraph 21.

22.    Defendants admit the averments of paragraph 22.

23.    Defendants are without sufficient information to admit or deny the averments of paragraph 23.

24.    Defendants are without sufficient information to admit or deny the averments of paragraph 24, and therefore deny the same.

25.    Defendants admit the averments of paragraph 25.

26.    Defendants are without sufficient information to admit or deny the averments of paragraph 26.

27.    The averments of paragraph 27 refer to a document that speaks for itself, and Defendants deny any averment inconsistent therewith.

28.    The averments of paragraph 28 refer to a document that speaks for itself, and Defendants deny any averment inconsistent therewith.

29.    Defendants deny the averments of paragraph 29.

30. Defendants admit that the Department of ESCP's Guidelines and Standards for Faculty Review and Promotion and Tenure to Associate Professor and Professor were revised during the 2012 Fall semester. Defendants deny the remaining averments of paragraph 30.

31. Defendants deny the averments of paragraph 31.

32. The averments of paragraph 32 refer to a document that speaks for itself, and Defendants deny any averment inconsistent therewith.

33. The averments of paragraph 33 refer to a document that speaks for itself, and Defendants deny any averment inconsistent therewith.

34. Defendants admit that Plaintiff has quoted a provision in Chapter 310.015A of the University of Missouri's Collected Rules and Regulations.

35. The averments of paragraph 35 refer to a document that speaks for itself, and Defendants deny any averment inconsistent therewith.

36. Defendants admit that Plaintiff has provided a correct, partial quote from Chapter 320.035.A.4.a of the University of Missouri's Collected Rules and Regulations.

37. Defendants admit that Plaintiff has provided a correct, partial quote from Chapter 320.035.B.1 of the University of Missouri's Collected Rules and Regulations.

38. Defendants deny the averments of paragraph 38.

39. Defendants admit that Plaintiff has provided a correct, partial quote from Chapter 310.025.D of the University of Missouri's Collected Rules and Regulations.

40. Defendants admit that certain promotion and tenure information, which information is updated and revised from time to time, is available on a University website at web address http://provost.missouri.edu/faculty/tenure.html. Defendants deny all of the remaining averments in paragraph 40.

41. Defendants deny the averments of paragraph 41.

42. Defendants admit the averments in paragraph 42.

43. The averments of paragraph 43 refer to a document that speaks for itself, and Defendants deny any averment inconsistent therewith.

44. Defendants admit that Plaintiff has correctly quoted from Chapter 370.010.C.5.b.iii of the University of Missouri's Collected Rules and Regulations.

45. Defendants are without sufficient information to admit or deny the averments of paragraph 45, and therefore deny the same.

46.     Defendants admit that the final decisions on applications for promotion and tenure are made by the Chancellor.  Defendants deny all remaining averments in paragraph 46.

47.     Defendants are without sufficient information to admit or deny the averments of paragraph 47, and therefore deny the same.

48.     Defendants admit that, on or about November 2015, Defendant Loftin announced his decision to resign as Chancellor of the University.  Defendants deny all remaining averments of paragraph 48.

49.     Defendants admit the averments of paragraph 49.

50.     Defendants admit Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights.  Defendants deny the remaining averments in paragraph 50.

51.     Defendants admit the averments in paragraph 51.

52.     Defendants admit the averments in paragraph 52.

53.     Defendants admit the averments in paragraph 53.

54.     Defendants deny the averments in paragraph 54.

## COUNT I:  VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
### (as to all Defendants)

COME NOW Defendants The Curators, Daniel L. Clay, Keith Herman, Matthew P. Martens, Timothy C. Riley-Tillman, and R. Bowen Loftin, through counsel, and for their Answer to Count I of Plaintiff's First Amended Petition for Damages, state as follows:

55.     Defendants incorporate their responses to paragraphs 1 through 54 as though fully set forth herein.

### *I. Disparate Treatment on the Basis of Sex*

56.     Defendants admit that Plaintiff is a member of a protected class under the aforementioned statute on the basis of her gender.  Defendants deny the remaining averments of paragraph 56.

57.     Defendants deny the averments of paragraph 57.

58.     Defendants deny the averments of paragraph 58.

59.     Defendants deny the averments of paragraph 59.

60.     Defendants deny the averments of paragraph 60.

61.     Defendants deny the averments of paragraph 61, including subparagraphs a) through rr).

62.     Defendants deny the averments of paragraph 62.

63.     Defendants deny the averments of paragraph 63.

64.     Defendants deny the averments of paragraph 64.

WHEREFORE, having fully answered Count I, Defendants The Curators, Daniel L. Clay, Keith Herman, Matthew P. Martens, Timothy C. Riley-Tillman, and R. Bowen Loftin move this Court to dismiss Plaintiff's claims against them or, alternatively, to enter judgment in Defendants' favor, to award Defendants their attorney fees and costs, and to award Defendants such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT II:  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (as to Defendant The Curators)

COMES NOW Defendants The Curators, and for its Answer to Count II of Plaintiff's First Amended Petition for Damages, states as follows:

65.     Defendant The Curators incorporates its responses to paragraphs 1 through 64 as though fully set forth herein.

66.     The averments of paragraph 66 refer to documents that speak for themselves, and any remaining averments of paragraph 66 state legal conclusions to which no response is required.

67.     Defendant The Curators denies the averments of paragraph 67, including subparagraphs a. through l.

68.     Defendant The Curators denies the averments of paragraph 68.

69.     Defendant The Curators denies the averments of paragraph 69.

70.     Defendant The Curators denies the averments of paragraph 70.

WHEREFORE, having fully answered Count II, Defendant The Curators moves this Court to dismiss Plaintiff's claim against The Curators or, alternatively, to enter judgment in The Curators' favor, to award The Curators its attorney fees and cost incurred herein, and to award The Curators such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

COMES NOW Defendants The Curators, and for its Answer to Count III of Plaintiff's First Amended Petition for Damages, states as follows:

71.    Defendant The Curators incorporates its responses to paragraphs 1 through 70 as though fully set forth herein.

72.    Defendant The Curators denies the averments of paragraph 72.

WHEREFORE, having fully answered Count III, Defendant The Curators moves this Court to dismiss Plaintiff's claim against The Curators or, alternatively, to enter judgment in The Curators' favor, to award The Curators its attorney fees and cost incurred herein, and to award The Curators such other and further relief as the Court deems just and appropriate under the circumstances.

## DEFENDANTS' ADDITIONAL RESPONSES

COME NOW Defendants The Curators, Daniel L. Clay, Keith Herman, Matthew P. Martens, Timothy C. Riley-Tillman, and R. Bowen Loftin and for their additional responses to Plaintiff's First Amended Petition for Damages, state as follows:

73.    Plaintiff's First Amended Petition for Damages fails to state a claim for any cause of action upon which relief can be granted in any Count, including but not limited to gender discrimination in employment, retaliation, hostile work environment based on gender, disparate treatment, constructive discharge, continuing violation, or breach of covenant of good faith and fair dealing.

74.    Plaintiff's averments are so vague, broad, and conclusory in nature that Defendants are deprived of the ability to prepare their defenses.

75.    Plaintiff fails to state a claim for punitive damages.

76.    Defendants state that they are entitled any and all state or federal limitations and restrictions on awards of punitive damages to the extent any such award would violate the Defendants' constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10, 18, 19, 21 and Article I, Section 2 of the Missouri Constitution in that punitive damages are penal in nature and tantamount to the imposition of a criminal fine.  Additionally, any punitive damages award in this case against the Defendants would be unconstitutional under the same provisions of the United States Constitution and the Missouri Constitution in that the guidelines, standards, and/or instructions

for punitive damages are vague, indefinite, and uncertain and neither limit the damages which can be awarded nor apprise this defendant of the conduct that subjects it to punitive damages. An award of punitive damages as asserted may constitute a deprivation of property without substantive and procedural due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution, would impermissibly burden interstate commerce, and may constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

77. Plaintiff's state law claim, if any, which Defendants deny, is barred by the statute of limitations in that Plaintiff failed to file a Charge of Discrimination with the Missouri Commission on Human Rights within 180 days of the alleged discrimination.

78. All allegations in Plaintiff's First Amended Petition occurring prior to June 7, 2015, for which Plaintiff was not issued a notice of right to sue by the Missouri Commission on Human Rights, are untimely.

79. Because the Missouri Commission on Human Rights did not issue a right to sue letter as to Plaintiff's untimely allegations, Plaintiff has failed to satisfy the required prerequisites for filing a civil action under the Missouri Human Rights Act as to such untimely allegations, and she is therefore barred from asserting any allegations that occurred prior to June 7, 2015.

80. Plaintiff lacks legal capacity to sue for any allegations deemed untimely by the Missouri Commission on Human Rights.

81. Plaintiff's damages, if any, all of which Defendants deny, are limited to those alleged incidents that occurred within the applicable statute of limitations period.

82. To the extent that Plaintiff's claims are broader than the allegations in her Charge of Discrimination filed with the Missouri Commission on Human Rights, all such claims are untimely, in that they are not contained in and exceed the scope of the Charge of Discrimination and are therefore barred.

83. Plaintiff's claims, if any, all of which Defendants deny, are barred in that all employment decisions made by the Defendants with respect to Plaintiff were made for legitimate, nondiscriminatory, non-retaliatory reasons.

84. Plaintiff's claims, if any, all of which Defendants deny, are barred due to Plaintiff's failure to take or seek corrective opportunities in a timely fashion, for Plaintiff's

failure to provide adequate notice to Defendants of her claims, and for Plaintiff's failure to take action to avoid or mitigate the alleged harm.

85.     At all relevant times hereto, the Defendants exercised reasonable care to prevent discrimination, including but not limited to gender discrimination, hostile work environment, retaliation, disparate treatment, and continuing violation, and to promptly correct any alleged incident of discrimination brought to their attention.  Plaintiff unreasonably failed to avail herself of the preventive or corrective opportunities provided by the Defendants or to otherwise avoid harm.

86.     Defendants state that to the extent they have answered or responded to any averments which are not properly or timely raised by Plaintiff, or are otherwise barred or limited, such answer or response does not constitute a waiver of any defense.

87.     Defendants reserve the right to plead additional defenses as may be disclosed by discovery.

WHEREFORE, having fully answered, Defendants The Curators, Daniel L. Clay, Keith Herman, Matthew P. Martens, Timothy C. Riley-Tillman, and R. Bowen Loftin pray this Court dismiss Plaintiff's First Amended Petition, to alternatively enter judgment in Defendants' favor, to award Defendants their attorney fees and costs, and to award Defendants such other and further relief as the Court deems just and appropriate under the circumstances.

**SMITH LEWIS, LLP**


/s/ Colly J. Durley
Colly J. Durley, #33800
Bethany R. Findley, #62887
111 South Ninth Street, Suite 200
P.O. Box 918
Columbia, MO 65205-0918
(573) 443-3141
(573) 442-6686 (Facsimile)
durley@smithlewis.com
findley@smithlewis.com

**Attorneys for Defendants**

## Certificate of Service

I certify that on July 26, 2016, I served this document upon all attorneys of record through the Court's electronic filing system.

/s/ Colly J. Durley
Colly J. Durley