UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Central Division

| | |
|---|---|
| MELISSA A. MARAS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-04210 |
| | ) |
| THE CURATORS OF THE | ) |
| UNIVERSITY OF MISSOURI, et al., | ) |
| Defendants. | ) |

## SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION TO STAY

Plaintiff's Count I for violation of the Missouri Human Rights Act ("MHRA") is the only claim asserted against the five individual defendants named in this lawsuit, and based on the Missouri Commission on Human Right's ("the Commission's") recently issued right to sue letter to Plaintiff (issued after this lawsuit was initiated), Plaintiff's right to sue under the MHRA is expressly limited to allegations that occurred after June 7, 2015. This cutoff date significantly limits the allegations in Plaintiff's First Amended Petition in support of her Count I, and effectively erases any allegations of involvement by certain individual defendants in this case.

On August 31, 2016, plaintiff filed a Petition for Declaratory Judgment and Writ of Mandamus against the Executive Director of the Commission in the Circuit Court of Cole County (Case No. 16AC-CC00364), challenging the Commission's issuance of a new, limited right to sue letter in the place of the previously issued, unlimited right to sue letter. Until that case is resolved, it is unclear to what extent plaintiff can proceed against these Defendants on her claim for employment discrimination under the MHRA.

Under Missouri law, obtaining a right to sue letter is a condition precedent to filing a MHRA civil action. ***Vankempen v. McDonnell Douglas Corp.***, 923 F. Supp. 146, 149 (E.D. Mo. 1996); ***Whitmore v. O'Connor Mgmt., Inc.***, 156 F.3d 796, 800 (8th Cir. 1998). Since the provisions of plaintiff's right to sue letter directly impact the parameters of her legal claim for violation of the MHRA, it is most sensible to stay the proceedings before this Court pending resolution of Plaintiff's action against the Commission on the scope of her right to sue under the Act.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Supreme Court in *Landis* directed that "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (acknowledging that a decision to stay proceedings is within the broad discretion of the court).

This court recently provided the framework for considering a motion to stay in *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, 2014 U.S. Dist. LEXIS 75907 (W.D. Mo. 2014). Although that case involved a motion to stay litigation over patents pending review by the Patent and Trademark Office, the same factors weighed by the court in that case are relevant here. This court in *Intellectual Ventures* found that the following three factors all weighed in favor of granting a stay: (1) discovery was not yet complete and no trial date had been set; (2) a decision in the other tribunal would resolve some of the issues, as certain claims could be rendered invalid and, at a minimum, it would clarify the scope of the claims; and (3) a stay would not unduly prejudice the non-moving party or present any clear tactical disadvantage for that party. *Id.* at *6-7.

The same three factors weigh in favor of granting a stay in this case. As acknowledged by this court in *Intellectual Ventures*, this case is still in the early stages of discovery, as "there have been no depositions" and "significant work, including substantive expert discovery and summary judgment motions, remains to be completed…." Thus, the same motivation for granting a stay exists here, where "substantial time and resources may be conserved by staying the case" pending resolution of the Cole County case, and there is no doubt that a decision in the other case "could make this litigation simpler and more efficient." *Id.* at *8-9.

The resolution of Plaintiff's case against the Commission will directly affect the substance of Plaintiff's MHRA claim, including whether or not Plaintiff even has a viable claim against the five individual defendants named in the case, since Plaintiff's Count II and Count III are brought only against defendant The Curators of the University of Missouri. Thus, until the Cole County Circuit Court has decided the validity and scope of Plaintiff's right to sue under the MHRA, it is impractical and inefficient to move forward with time intensive fact discovery and

motion pleading in this case, much of which will turn directly on the allegations for which plaintiff has been granted a right to sue under Missouri law.

Furthermore, the court in *Intellectual Ventures* found that the only potential prejudice to the Plaintiff should the proceedings be stayed was the risk of unnecessary delay, but noted that the mere potential for delay "is insufficient to establish *undue* prejudice." *Id.* at *10. It is also true that no party to this case will be unduly prejudiced by a stay of these proceedings, and, arguably, it will be of benefit to all parties, as well as the Court, to wait until a decision providing clarity as to Plaintiff's rights under the Act has been rendered, preventing motions as to the substantive rights and proper parties to the MHRA claim.

A stay of the proceedings during the pendency of Case No. 16AC-CC00364 would preserve resources of all involved and promote judicial economy, obviating a need to litigate the proper scope of Plaintiff's Count I until that issue has been judicially determined by the Cole County Circuit Court.

**SMITH LEWIS, LLP**

/s/ Colly J. Durley
Colly J. Durley, #33800
Bethany R. Findley, #62887
111 South Ninth Street, Suite 200
P.O. Box 918
Columbia, MO 65205-0918
(573) 443-3141
(573) 442-6686 (Facsimile)
durley@smithlewis.com
findley@smithlewis.com

**Attorneys for Defendants**

**Certificate of Service**

I certify that on September 14, 2016, I served this document upon all attorneys of record through the Court's electronic filing system.

/s/ Colly J. Durley
Colly J. Durley